10-4852-cv
Rommage v. MTA Long Island R.R.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 9th day of February, two thousand twelve.

Present:     JOHN M. WALKER, JR.
             PIERRE N. LEVAL,
             ROSEMARY S. POOLER,
                         *Circuit Judges*.

_____

MARIE ROMMAGE,

                    *Plaintiff-Appellant*,

            v.                                      10-4852-cv

MTA LONG ISLAND RAIL ROAD,

                    *Defendant-Appellee*.

_____

For Appellant:          Margaret McIntyre, New York, N.Y.


For Appellee:           Priscilla Lundin & Kevin P. McCaffrey, MTA Long Island Rail
                        Road, Jamaica, N.Y.

Appeal from a judgement of the United States District Court for the Eastern District of New York (Irizarry, *J.*).

ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of said District Court be and it hereby is AFFIRMED.

Marie Rommage appeals from the district court's grant of summary judgment in favor of the MTA Long Island Rail Road (the "LIRR"). We assume the parties' familiarity with the facts of the case, the procedural history, and the issues on appeal.

"Our standard of review for . . . motions for summary judgment is *de novo*." *Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292, 300 (2d Cir. 2003). "On a motion for summary judgment, all factual inferences must be drawn in favor of the non-moving party." *Id.*

Rommage points to a number of other employees at the LIRR who she alleges were treated more leniently than she. She argues that this alleged differential treatment supported her claim of unlawful race and gender discrimination. *See Hargett v. Nat'l Westminster Bank, USA*, 78 F.3d 836, 839 (2d Cir. 1996) ("A plaintiff in a discrimination action may establish that the reason articulated by a defendant for termination of plaintiff's employment is a pretext and that race, in fact, did play a part in the decision to terminate by proving that 'similarly situated' white employees were treated more favorably than he.").

"[T]he standard for comparing conduct requires a reasonably close resemblance of the facts and circumstances of plaintiff's and comparator's cases, rather than a showing that both cases are identical." *Graham v. Long Island R.R.*, 230 F.3d 34, 40 (2d Cir. 2000). We do not think, however, that the cases of allegedly differential treatment that Rommage cites met this standard, and thus they are not sufficient to support her conclusion that she was the victim of race and gender discrimination.

In addition, the district court correctly granted summary judgment in favor of the LIRR on Rommage's claim of unlawful retaliation. "[A] plaintiff can indirectly establish a causal connection to support a discrimination or retaliation claim by showing that the protected activity was closely followed in time by the adverse [employment] action." *Gorman-Bakos v. Cornell Co-op Extension of Schenectady Cnty.*, 252 F.3d 545, 554 (2d Cir. 2001) (second alteration in original) (internal quotation marks omitted). "This court has not drawn a bright line to define the outer limits beyond which a temporal relationship is too attenuated to establish a causal relationship between the exercise of a federal . . . right and an allegedly retaliatory action." *Id.*

In some cases, however, an employer's decision to fire an employee—given the compelling nature of its nondiscriminatory reasons for doing so and a long enough gap between the protected conduct and the adverse action at issue—simply cannot be attributed to unlawful discrimination. This is such a case. Indeed, we see no reason to conclude that Rommage was terminated for any reason other than her persistent inability to follow the rules.

In evaluating Rommage's claims, we are mindful that "claims under the [New York] City [Human Rights Law] must be given 'an independent liberal construction.'" *Loeffler v. Staten Island Univ. Hosp.*, 582 F.3d 268, 278 (2d Cir. 2009) (quoting *Williams v. N.Y.C. Hous. Auth.*, 61 A.D.3d 62, 66 (N.Y. App. Div. 2009)).  Even under that standard, however, the district court's grant of summary judgment was correct.

Accordingly, the judgment of the district court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3